## WARD v. SCALES.

(Circuit Court of Appeals, Fifth Circuit. December 9, 1924.)

No. 4250.

Bankruptcy ⬡⟾303(3)—Conveyance by bankrupts held not invalid, as in fraud of creditors.

A conveyance of land by bankrupts, brothers, to their mother, more than a year prior to bankruptcy, and at a time when their indebtedness was very small outside of two claims, which were otherwise secured, *held*, on the evidence, to have been made in good faith, and not invalid, as in fraud of creditors.

Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Suit in equity by Rollie H. Scales, trustee in bankruptcy of Leslie Ward and George Ward against Ama A. Ward. Decree for complainant, and defendant appeals. Reversed and remanded.

F. P. Works, of Amarillo, Tex. (L. C. Barrett, of Amarillo, Tex., on the brief), for appellant.

W. E. Gee, of Amarillo, Tex. (W. H. Russell, of Hereford, Tex., and Gee & Underwood and Cleo G. Clayton, all of Amarillo, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. In 1918, two brothers, Leslie and George Ward, inherited from their father an undivided one-sixth interest each in certain real estate, which in December, 1920, by separate deeds they conveyed to their mother, Ama A. Ward. The deeds were promptly recorded. In January, 1922, the Ward brothers, individually and as partners, filed their voluntary petitions in bankruptcy, and were adjudicated bankrupts. The trustee in bankruptcy filed a bill of complaint against Mrs. Ward, alleging that the conveyances were made for the purpose of defrauding creditors of the bankrupts. After final hearing, the District Court entered a decree, canceling the deeds and awarding possession to the trustee. Mrs. Ward appeals.

In June, 1920, Leslie Ward purchased a truck from the Dunlap Hardware Company. The purchase price was $2,650, payable $300 in October, 1920, $500 in January, 1921, and the balance in installments during 1921 and 1922. Payments were secured by mortgage on the truck, and in 1921 by a further mortgage on a crop of Sudan grass. On August 30, 1920, the bankrupts purchased a tractor from W. S. Edwards. The purchase price was about $3,300, of which $500 was paid in cash, and the balance was payable in installments of $600 in 30 days, $600 in 60 days, and $1,625 in September, 1921. The deferred payments were secured by mortgage on the tractor and other farm machinery, and also by a mortgage on a 100-acre wheat crop to be planted in the fall of 1920. George Ward testified that he was unwilling to make his interest in the real estate inherited from his father liable for the purchase price of the tractor, and that Edwards expressed his satisfaction with the security covered by the mortgages upon the tractor, machinery, and wheat crop. The tractor was not new, and the bankrupts spent about $300 in repairing it.

At the time the conveyances were made to the appellant, the bankrupts' past-due indebtedness to the Dunlap Hardware Com-

pany was $300, and that to Edwards was $1,200. There were two other small unsecured claims, amounting to less than $200, against Leslie Ward, but none against George Ward, who was only 21 years of age. The father and mother of the bankrupts were divorced in 1916, and both before and after the father's death in 1918 the mother had been making advances of money to the bankrupts. The advances so made to Leslie Ward were approximately equal to the value of the land he inherited from his father. Those made to George Ward were not more than one-half of the fair value of the land he inherited. The appellant and her two sons testified that the deeds in question were executed in satisfaction of such advances. The wheat and Sudan grass crops proved to be failures, and the claims of other creditors accrued after the deeds to the appellant were executed.

Edwards testified that in November, 1920, Leslie Ward stated that, if there was to be any trouble about the past-due indebtedness on the tractor, he and his brother would protect themselves. On the other hand, Leslie Ward testified that the tractor was not as represented, and that he stated to Edwards the intention of protecting himself against defects in the machinery he had bought. Dunlap and his son testified that in November or December, 1921, Leslie Ward stated to them that the deeds had been made by him and his brother to their mother in order to prevent Edwards from subjecting their land to the payment of his claim, growing out of the purchase of the tractor. Leslie Ward contradicted this evidence, and Dunlap's son testified that he repeated this conversation to the appellant, and that the next day Leslie Ward came to him much incensed, and strenuously denied that he had ever made the statement attributed to him.

If it were not for the admissions which it is claimed Leslie Ward made to Edwards and the Dunlaps, the record would be barren of any evidence tending to show that the deeds were executed for the purpose of defrauding any creditor. The testimony of Edwards was clearly insufficient to raise a presumption of fraud. The bankrupts were insisting that the tractor was not as represented, and that they should be given credit for the money spent by them in repairing it. Dunlap and his son were interested as creditors, and it is admitted that Leslie Ward promptly and vigorously challenged the construction which they placed upon the conversation he had with them. It elsewhere appears in the evidence that the bankrupts proceeded, in apparent good faith, to plant the crop of wheat, and that their inability to pay their debts came about because of the failure of crops.

When the conveyances, which are attacked, were made, George Ward was not indebted at all, except for the tractor, and had the right to give to his mother the land he had inherited from his father. Leslie Ward's indebtedness, aside from that to his mother, was insignificant, and so far as then could be foretold his farming operations would be a success. But, if it be assumed that Leslie Ward made the statements attributed to him, it nevertheless appears that he was indebted to his mother in an amount approximately equal to his interest in the lands conveyed, and that she accepted the property in payment of her debt. The evidence does not tend to show that the appellant accepted the title to the land with any reservation or secret interest for the benefit of the bankrupts, or either of them. Her title, therefore, is unaffected by any representation which Leslie Ward might have made to his secured creditors. Coder v. Arts, 213 U. S. 223, text 241, 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Repauno Chemical Co. v. Victor Hardware Co., 101 F. 948, 42 C. C. A. 106. The evidence, therefore, does not sustain the conclusion that the transfers were fraudulent within the meaning of section 70 of the Bankruptcy Act (Comp. St. § 9654). The utmost disclosed is a preference of one creditor over others. The deeds to the appellant were recorded more than four months prior to bankruptcy, and therefore cannot be set aside on the ground of a preference under section 60b of the Bankruptcy Act (section 9644).

The decree of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.